UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTHUR HUBERT MEYER, III, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 1:20-cv-00343-BLW <br><br> 1:18-cr-00350-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendant Arthur Hubert Meyer, III filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1). Pending before the Court is his Motion to Appoint Counsel (Dkt. 2) to represent him in the § 2255 proceeding. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

In November, 2018, a grand jury indicted Arthur Meyer III on one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). *Indictment*, Crim Dkt. 1. Meyer filed an ex parte motion to dismiss counsel on March 18, 2019. Crim Dkt. 16. This Court held a hearing on the motion on April 11, 2019, in which the government was not present. Crim Dkt. 17.

**MEMORANDUM DECISION AND ORDER - 1**

Meyer withdrew his motion to dismiss counsel and pled guilty to the Indictment, pursuant to a plea agreement, before this Court on April 4, 2019. Crim Dkt. 19. A presentence investigation report was completed with no objections filed by either party. Crim Dkt. 23. On July 11, 2019, Meyer was sentenced before this Court to the mandatory minimum sentence of 120 months imprisonment, five years of supervised release, a $600 fine, and a $100 special assessment. *Id.* It was on the date of his sentencing that Meyer claims he first instructed his legal counsel to file an appeal. Crim Dkt. 29. Meyer timely filed this § 2255 motion on July 9, 2020. Dkt. 1. This Court granted the government's motion to waive attorney-client privilege and ordered Meyer's counsel to file an affidavit responding to the allegation. Dkt 5. Prior counsel for Meyer, Gabriel McCarthy, provided a declaration responding to the Meyer's allegations. Dkt. 6-1. Meyer now alleges ineffective assistance of counsel. Specifically, Meyer alleges that his counsel was ineffective for failing to file a notice of appeal, erroneously advising him of the likely guideline range, and for failing to test the purity of the drugs seized. Dkt. 1, 7.

## LEGAL STANDARD

### 1. 28 U.S.C § 2255

Title 28 U.S.C. § 2255 provides four grounds under which a federal court

may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the *Rules Governing Section 2255* Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding, such as pursuant to a motion by the respondent, after considering the answer and

motion, or after considering the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided based on the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

### 2. Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697; *see also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156,

1161 (9th Cir. 1989).

To establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id.* at 689.

## ANALYSIS

### A. Notice of Appeal

Counsel's refusal to file a notice of appeal despite a defendant's instruction to do so constitutes ineffective assistance of counsel, and the lost chance to appeal constitutes prejudice. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196-98 (9th Cir. 2005)(citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). This is so even if to appeal would be contrary to the plea agreement, have little chance of success, or subject the Defendant to a much higher sentence if successful. *Id.*

The Court here is faced with diametrically opposing affidavits. Meyer has alleged specific facts that he directed counsel to file a notice of appeal on multiple occasions and counsel failed to do so. *See* Dkt. 1, 7; *see also* Crim Dkt. 29.

Counsel states that he was never instructed by Meyer, or others on his behalf, to file a notice of appeal. Dkt. 6-1. Therefore, the Court must hold an evidentiary hearing to determine whether Meyer's claim that he instructed counsel to file a notice of appeal is true or false.

### B. Evidentiary Hearing

If the Government wishes to avoid the need for an evidentiary hearing, it can waive the statute of limitations defense as well as stipulate to the Court's vacating the judgment, re-entering the judgment, and appointing counsel to file a timely notice of appeal. *See United States v. Bendolph*, 409 F.3d 155, 164 (3rd Cir. 2005)(§ 2255 statute of limitations is not jurisdictional and may be waived by the Government) and *Sandoval-Lopez,* 409 F.3d at 1198 (noting "the government may choose this alternative [of stipulating to vacating judgment] to free itself from the restraint of the plea bargain, or because getting the appeal dismissed would be less work than an evidentiary hearing").

### C. Appointment of Counsel

Appointment of counsel for an indigent petitioner is mandatory when an evidentiary hearing is required. *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995). Since Meyer is indigent (Crim Dkt. 3-4), the court must grant his Motion for Appointment of Counsel for the evidentiary hearing.

# ORDER

**IT IS ORDERED** that Defendant's Motion for Appointment of Counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government notify the Court within ten (10) days from the date of this Order as to whether it intends to proceed to an evidentiary hearing in this matter or whether it will waive the statute of limitations defense and stipulate to the Court's vacating and reentering the judgment and appointing counsel so Defendant can file a timely notice of appeal.

**IT IS FURTHER ORDERED** that if the Government chooses to proceed with an evidentiary hearing, the Court will immediately appoint counsel for Defendant and set a date for the hearing at which all issues will be heard.

DATED: May 18, 2021

_____
B. Lynn Winmill
U.S. District Court Judge