UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTHUR HUBERT MEYER, III,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No.   1:20-cv-00343-BLW<br>Crim. Case No.  1:18-cr-00350-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Movant Arthur Hubert Meyer, III's Withdrawal (Civ. Dkt. 35) of his Amended Motion to Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Meyer state that he wishes to withdraw that motion with prejudice.

None of the Rules Governing § 2255 Proceedings in the United States District Courts addresses the procedure for "withdrawing" or dismissing a § 2255 motion. Rule 12, however, directs courts to apply "[t]he Federal Rules of Civil Procedure, . . . to the extent that they are not inconsistent with any statutory provisions or these rules . . . ." Accordingly, the Court will apply Rule 41 in resolving this matter, as it has done previously. *See, e.g., Cook v. United States*,

MEMORANDUM DECISION AND ORDER - 1

Civ. No. 1:16-cv-00254-BLW, Crim. No. 1:10-cr-00167-BLW, 2018 WL 2024609 (D. Idaho May 1, 2018).[1]

Rule 41(a)(2) applies here given that the Government has already responded to the § 2255 Motion, and no stipulation is on file.[2] *See Response,* Civ. Dkt. 24. Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." A decision to grant a voluntary dismissal under Rule 41(a)(2) is left to the sound discretion of the district court. Generally, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Id*. at 976. Rather, legal

---

[1] Several other district courts have applied Rule 41 in addressing voluntary motions to dismiss § 2255 proceedings. *See, e.g.*, *Muller v. United States*, No. 2:15-cr-00205-TLN-EFB, 2020 WL 6270700, at *1 (E.D. Cal. October 26, 2020) (granting voluntary dismissal of § 2255 motion under Rule 41(a)(2)); *United States v. Long*, No. 2:13-cr-00041-GMN-GWF, 2019 WL 4467005, at *2 (D. Nev. Sept. 18, 2019) (also noting that voluntary dismissal of § 2255 motion under Rule 41(a)(2) conserves judicial resources); *United States v. Henderson*, Cr. No. 12-00646 JMS, Civ. No. 16-00338 JMS-KSC, 2017 WL 3688145, at *2-3 (D. Haw. Aug. 25, 2017) (finding Rule 41(a)(2) applied to § 2255 proceedings and granting voluntary dismissal finding neither prejudice to the government nor judicial waste).

[2] The one-page withdrawal was filed on ECF as a "Stipulation" but it is not signed by both parties. Accordingly, the Court will treat the filing as a motion.

prejudice is "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

Here, given the posture of this case, the Court cannot identify any specific legal prejudice the government would suffer from voluntary dismissal. Further, granting voluntary dismissal conserves judicial resources and is in the interest of judicial economy. For these reasons, the Court will construe the pending withdrawal as a motion to dismiss under Rule 41(a)(2) and will grant the motion. Additionally, given that Meyer III has requested that the withdrawal be "with prejudice," the Court will dismiss the amended § 2255 motion with prejudice.

Accordingly, **IT IS ORDERED that** Arthur Hubert Meyer, III's Withdrawal of The 2255 Motion (Civ. Dkt. 35) is **GRANTED.** Accordingly, his Amended Motion to Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 20) is **DISMISSED WITH PREJUDICE**. The Court will enter judgment separately.

DATED: March 28, 2023

B. Lynn Winmill
United States District Judge